UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06CV-198-R

G. STEVEN ALEXANDER                                                                    PLAINTIFF

v.

DAVID L. HARRINGTON, et al.                                                          DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Defendants Brent White, David L. Harrington, and Jeanne Carroll's Motions to Dismiss (Dockets #7, 10, 17). Although Plaintiff did not file any response to these motions, the deadlines for such filings have passed. These matters are now ripe for adjudication. For the reasons that follow, the Defendants' Motions to Dismiss are GRANTED.

**BACKGROUND**

On October 5, 2005, the Calloway County Attorney's Office, by and through Defendant Harrington, the Calloway County Attorney, or Defendant Carroll, District Judge of Calloway County in the 42nd Judicial Circuit, or both, requested Defendant White, Detective Sergeant with the Kentucky State Police ("KSP"), to investigate Plaintiff for practicing as a psychologist without a license or certification by the Commonwealth of Kentucky. Prior to this request and from the middle of 2003 to the middle of 2005, Plaintiff was appointed on numerous occasions by the Calloway County District Court to serve as a member of the interdisciplinary evaluation team rendering reports in disability cases, pursuant to KRS 387.540. Members of the interdisciplinary team were required to be licensed clinical psychologists. For his work, Plaintiff was paid a fee by Calloway County, Kentucky, as ordered by the District Court Judge.

On November 23, 2005, Defendant White signed an affidavit in support of his application for issuance of a criminal misdemeanor warrant for the arrest of Plaintiff on charges of nine counts of the practice of psychology without a license during the preceding twelve months in violation of KRS 319.005. Defendant Carroll issued an arrest warrant for Plaintiff and set a $6000 cash bail bond for his release on that same day. On November 27, 2005, Defendant White served the arrest warrant on Plaintiff, took him into custody, and placed him in the Calloway County Jail in Murray, Kentucky.

On August 16, 2006, the charges were tried to a jury with Special Judge Charles Ehlschide presiding and Jeffrey A. Roberts, Assistant Calloway Attorney, prosecuting. Judge Ehlschide entered a written order of dismissal of this case on September 27, 2006. Judge Ehlschide noted that the case arose from what he characterized as forms provided by the Kentucky Administrative Office of the Courts which are "extremely misleading." Judge Ehlschide ruled that "[t]his case appears to have been created because of a confusion created by the statutes concerning what is and is not allowed under the statutes and regulations concerning Licensed Clinical Psychologists, Qualified Mental Health Professionals, and Qualified Mental Retardation professionals." Judge Ehlschide noted that Plaintiff, both personally and through his counsel, acknowledged on the record that the police and prosecution had probable cause to arrest him and pursue the charges against him. The court entered its own separate finding of probable cause as well.

Plaintiff asserts that Defendant White made several false statements in reaching his conclusion that Plaintiff had engaged in the practice of psychology without a license. Plaintiff further asserts that Defendant Harrington approved the affidavit for submission to Defendant Carroll, knowing that the affidavit contained false statements and a false conclusion. Plaintiff alleges that

2

Defendant Carroll issued the warrant knowing that probable cause did not exist for its issuance.

Plaintiff filed the instant action on November 27, 2006, asserting claims sounding in unlawful seizure under the Fourth Amendment and a Fourteenth Amendment due process claim as well as pendent state law claims for false imprisonment, abuse of process, outrage, and defamation. The complaint's prayer for relief establishes that Plaintiff is seeking monetary, as opposed to injunctive, relief for his asserted claims.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

Defendants assert that Plaintiff's claims must be dismissed because the underlying prosecution was supported by probable cause.

**I.    FOURTEENTH AMENDMENT DUE PROCESS CLAIM**

Plaintiff asserts that Defendants violated his Fourteenth Amendment due process rights by arresting him and subsequently prosecuting him without probable cause.

The Fourteenth Amendment's Due Process Clause provides that "No State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV, § 1.  "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotation omitted).  Plaintiff has asserted that his arrest without probable cause deprived him of his constitutional rights.  Plaintiff is bound to pursue such a claim under the Fourth Amendment, prohibiting unreasonable searches and seizures, not under the Fourteenth Amendment.

**II.   FOURTH AMENDMENT CLAIM**

Plaintiff claims that Defendants deprived him of his right to be secure in his person against unreasonable seizure and not to be subjected to malicious prosecution.

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

To state a federal claim for malicious prosecution, the plaintiff must, at a minimum, show

that there was no probable cause to justify his arrest and prosecution. *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006).

Here, Plaintiff has admitted that Defendants had probable cause to arrest and pursue the charges against him. Thus, Plaintiff's Fourth Amendment claim fails as a matter of law.

### III.     FALSE IMPRISONMENT

"Kentucky cases define false imprisonment as being any deprivation of the liberty of one person by another or detention for however short a time without such person's consent and against his will, whether done by actual violence, threats or otherwise. Furthermore, false imprisonment requires that the restraint be wrongful, improper, or without a claim of reasonable justification, authority or privilege. *Banks v. Fritsch*, 39 S.W.3d 474, 479 (Ky. App. 2001) (citing to *Grayson Variety Store, Inc. v. Shaffer*, 402 S.W.2d 424 (Ky. 1960); *Great Atl. & Pac. Tea Co. v. Billups*, 69 S.W.2d 5 (Ky. 1934); *Ford Motor Credit Co. v. Gibson*, 566 S.W.2d 154 (Ky. App. 1977); *J.J. Newberry Co. v. Judd*, 82 S.W.2d 359 (Ky. 1935); *Louisville & Nashville R.R. Co. v. Mason*, 251 S.W. 184 (Ky. 1923)).

As admitted by Plaintiff, Defendants had probable cause to believe that Plaintiff was violating the law. Therefore, Defendants had reasonable justification to arrest and imprison Plaintiff; thus Plaintiff's claim for false imprisonment fails as a matter of law.

### III.     ABUSE OF PROCESS

"The cause of action for abuse of process has been defined as 'the technical designation of the irregular or wrongful employment of a judicial proceeding.'" *Raine v. Drasin*, 621 S.W.2d 895, 902 (Ky. 1981) (quoting *Stoll Oil Ref. Co. v. Pierce*, 337 S.W.2d 263, 266 (Ky. Ct. App. 1970)). "[A]buse of process is the employment of legal process for some other purpose other than that which

it was intended by the law to effect." *Id.* "The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Flynn v. Songer*, 399 S.W.2d 491, 494 (Ky. Ct. App. 1966). Thus, in other words, there is a form of extortion and "it is what is done in the course of negotiation, rather than the issuance of any formal use of the process itself, which constitutes the tort." *Id.* (quoting Prosser on Torts (3d ed.) § 115, pp. 876-77).

Here the admission of probable cause precludes Plaintiff from establishing that the allegations against him were born of an ulterior motive. *See Pennington v. Dollar Tree Stores, Inc.*, 28 Fed. Appx. 482, 488-89 (6th Cir. 2002). Therefore, this Court finds that Plaintiff has failed to state a claim for abuse of process as a matter of law.

### IV. MALICIOUS PROSECUTION

In Kentucky, this tort has six elements:

(1) The institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceedings, (5) want or lack of probable cause for the proceedings, and (6) the suffering of damage as a result of the proceeding.

*Id.* at 488 (quoting *Broaddus v. Campbell*, 911 S.W.2d 281, 283 (Ky. Ct. App. 1995)).

A compromise dismissal is not a termination in favor of the defendant. *Id.* A stipulation of probable cause is such a compromise. *Id.* Therefore, this Court finds that Plaintiff has failed to state a claim for malicious prosecution as a matter of law.

### V. OUTRAGE

To make out a claim for outrage, the plaintiff must show that (1) defendant's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable in that it offends against

generally accepted standards of decency and morality; (3) a causal connection between defendant's conduct and the emotional distress; and (4) the emotional distress is severe. *Gilbert v. Barkes*, 987 S.W.2d 772, 777 (Ky. 1999).

As Plaintiff has admitted, Defendants had probable cause to believe that Plaintiff was violating the law. This Court finds that the arrest and incarceration of an individual for which probable cause exists to believe that he committed a criminal violation does not offend generally accepted standards of decency and morality. Therefore, Plaintiff's claim of outrage fails as a matter of law.

## VI. DEFAMATION

The elements of defamation in Kentucky are: (1) defamatory language; (2) about the plaintiff; (3) which is published; and (4) which causes injury to reputation. *Columbia Sussex Corp. v. Hay*, 627 S.W.2d 270, 273 (Ky. Ct. App. 1981). Falsely imputing criminal acts to another is slanderous *per se*. *Pennington*, 28 Fed. Appx. at 489. However, the publisher of allegedly defamatory remarks about a private person must have acted either negligently or intentionally to be liable in tort. *Id.*

Plaintiff's admission that probable cause existed prevents Plaintiff from asserting that Defendants defamed him in a reckless or negligent manner; therefore, Plaintiff's defamation claim fails as a matter of law. *Id.*

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are GRANTED.

An appropriate order shall issue.